IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LEO A. DALY COMPANY                                PLAINTIFF

       v.            Civil No. 04-5250

HSG HOLDINGS, LLC                                 DEFENDANT

## J U D G M E N T

On the 15th day of August 2005, this matter came on for trial to a duly selected jury consisting of eight members. On August 19, 2005, Plaintiff's case was submitted to the jury as against Defendant HSG Holdings, LLC; and, Defendant's counterclaim was submitted to the jury as against Plaintiff / Counter Defendant Leo A. Daly Company. A unanimous decision was reached as to the following interrogatories:

## VERDICT FORM

**I. TOWERS PROJECT**

INTERROGATORY NO. 1

     Do you find that a contract on the Towers project existed between Plaintiff Leo A. Daly Company (hereinafter "Daly") and Defendant HSG Holdings, LLC (hereinafter "HSG")?

         Yes   X

         No   \_\_\_\_

**NOTE:** Complete Interrogatory No. 2 only if you answered "yes" to Interrogatory No. 1. If you answered "no" to Interrogatory No. 1, skip Interrogatories No. 2-5 and answer Interrogatory No. 6.

INTERROGATORY NO. 2

With respect to the Towers project, do you find that Daly should recover under its breach of contract claim?

Yes _____

No ___X___

**NOTE:** Complete Interrogatory No. 3 only if you answered "yes" to Interrogatory No. 2. If you answered "no" to Interrogatory No. 2, skip Interrogatory No. 3 and answer Interrogatory No. 4.

INTERROGATORY NO. 3

_____ Please state the amount of any damages which you find from the preponderance of the evidence were sustained by Daly as a result of HSG's breach of the Towers contract:

$ _____

**NOTE:** If you enter an amount in Interrogatory No. 3, skip Interrogatories No. 4-7 and answer Interrogatory No. 8.

INTERROGATORY NO. 4

With respect to the Towers project, do you find that HSG should recover under its breach of contract claim?

Yes ___X___

No _____

**NOTE:** Complete Interrogatory No. 5 only if you answered "yes" to Interrogatory No. 4. If you answered "no" to Interrogatory No. 4, skip Interrogatory No. 5-7 and answer Interrogatory No. 8.

INTERROGATORY NO. 5

     Please state the amount of any damages which you find from the preponderance of the evidence were sustained by HSG as a result of Daly's breach of the Towers contract:

$ 25,001

**NOTE:** **If you enter an amount in Interrogatory No. 5, skip Interrogatories No. 6 and 7 and answer Interrogatory No. 8.**

INTERROGATORY NO. 6    **\*\* Note: Complete Interrogatory No. 6 ONLY if you answered "no" to Interrogatory No. 1. \*\***

With respect to the Towers project, do you find that Daly is entitled to recover against HSG under the theory of quantum meruit?

    Yes     _____

    No     _____

**NOTE:**    **Complete Interrogatory No. 7 only if you answered "yes" to Interrogatory No. 6. If you answered "no" to Interrogatory No. 6, skip Interrogatory No. 7 and answer Interrogatory No. 8.**

INTERROGATORY NO. 7

     With respect to the Towers project, please state the amount you find from the preponderance of the evidence Daly is entitled to recover from HSG under the theory of quantum meruit:

$_____

**II. LIFESTYLE RETAIL CENTER PROJECT**

INTERROGATORY NO. 8

    Do you find that a contract on the Lifestyle Retail Center project existed between Plaintiff Leo A. Daly Company (hereinafter "Daly") and Defendant HSG Holdings, LLC (hereinafter "HSG")?

    Yes   __X__

    No   _____

**NOTE:** **Complete Interrogatory No. 9 only if you answered "yes" to Interrogatory No. 8. If you answered "no" to Interrogatory No. 8, skip Interrogatories No. 9-12 and answer Interrogatory No. 13.**

INTERROGATORY NO. 9

    With respect to the Lifestyle Retail Center project, do you find that Daly should recover under its breach of contract claim?

    Yes   _____

    No   __X__

**NOTE:** **Complete Interrogatory No. 10 only if you answered "yes" to Interrogatory No. 9. If you answered "no" to Interrogatory No. 9, skip Interrogatory No. 10 and answer Interrogatory No. 11.**

INTERROGATORY NO. 10

    Please state the amount of any damages which you find from the preponderance of the evidence were sustained by Daly as a result of HSG's breach of the Lifestyle Retail Center contract:

    $ _____

**NOTE:** If you enter an amount in Interrogatory No. 10, do not answer any more Interrogatories, since your work will be complete. You should have your Foreperson sign and date the verdict form and return to the courtroom with your answer to the above Interrogatories.

INTERROGATORY NO. 11

With respect to the Lifestyle Retail Center project, do you find that HSG should recover under its breach of contract claim?

    Yes   __X__

    No   _____

**NOTE:** **Complete Interrogatory No. 12 only if you answered "yes" to Interrogatory No. 11. If you answered "no" to Interrogatory No. 11, skip Interrogatory No. 12 and answer Interrogatory No. 13.**

INTERROGATORY NO. 12

Please state the amount of any damages which you find from the preponderance of the evidence were sustained by HSG as a result of Daly's breach of the Lifestyle Retail Center contract:

$ __52,462.00__

**NOTE:** **If you enter an amount in Interrogatory No. 12, do not answer any more Interrogatories, since your work will be complete. You should have your Foreperson sign and date the verdict form and return to the courtroom with your answer to the above Interrogatories.**

INTERROGATORY NO. 13 **  Note: Complete Interrogatory No. 13 ONLY if you answered "no" to Interrogatory No. 8 **
_____

     With respect to the Lifestyle Retail Center project, do you find that Daly is entitled to recover against HSG under the theory of quantum meruit?

        Yes  _____

        No  _____


**NOTE:** **Complete Interrogatory No. 14 only if you answered "yes" to Interrogatory No. 13. If you answered "no" to Interrogatory No. 13, do not answer any more Interrogatories, since your work will be complete. You should have your Foreperson sign and date the verdict form and return to the courtroom with your answer to the above Interrogatories.**

INTERROGATORY NO. 14

_____With respect to the Lifestyle Retail Center project, please state the amount you find from the preponderance of the evidence Daly is entitled to recover from HSG under the theory of quantum meruit:

$$\underline{\$\hspace{3cm}}$$


**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, in accordance with the foregoing answers to such interrogatories, verdict shall be entered as follows:

   \*  judgment shall be entered for defendant, HSG Holdings, LLC, and against plaintiff, Leo A. Daly Company, on the latter's complaint; plaintiff shall take nothing thereon; and the said complaint will be, and hereby is, dismissed with prejudice; and

\* judgment shall be entered for defendant, HSG Holdings, LLC, and against plaintiff, Leo A. Daly Company, on the former's counterclaim and defendant shall thereon have judgment against plaintiff in the sum of $77,463.00, plus interest at the judgment rate of 3.88% per annum from the date hereof until paid, plus costs expended.

**IT IS SO ORDERED** this 29th day of August 2005.

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE