IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LEO A. DALY COMPANY                                              PLAINTIFF

      v.        Civil No. 04-5250

HSG HOLDINGS, LLC                                               DEFENDANT

### ORDER

NOW on this 15th day of December, 2005, comes on for consideration **Plaintiff Leo A. Daly Company's Motion for Judgment Notwithstanding the Verdict, Alternative Motion for New Trial, and Alternative Motion for Remittitur** (document #45) and the various responses and replies thereto. The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

1. On August 19, 2005, the case of Leo A. Daly Company (Daly), plaintiff, against HSG Holdings, LLC (HSG), defendant, was submitted to a jury, as was HSG's counterclaim against Daly.

Based upon the jury's unanimous verdicts, judgment was entered for HSG against Daly on Daly's complaint -- and also for HSG against Daly on HSG's counterclaim, with damages being awarded on the counterclaim in the sum of $77,463.00, plus post-judgment interest.

1

2. Daly now moves for judgment notwithstanding the verdict under Rule 50(b) of the Federal Rules of Civil Procedure and for a new trial under Rule 59 of the Federal Rules of Civil Procedure, or remittitur with respect to the jury verdict in favor of HSG. Daly makes the following arguments as to why the relief it requests should be granted:

(a) that, under Arkansas's Voluntary Payment Rule, HSG is not entitled to recover any money from Daly;

(b) that the Court erred in admitting certain testimony of Bob Elmore that Greg Mueller's demeanor was that of an architect and that Greg Mueller's behavior had legal consequences because:

* such testimony was not an admission of Daly because Mr. Elmore was not an employee of Daly when he made the statements;

* such testimony contained expert opinions of an individual not identified as an expert witness;

* such testimony contained legal conclusions; and

* such testimony was confusing, irrelevant, and more prejudicial than probative of any fact in issue;

(c) that the Court erred in admitting certain testimony of Duane Prewitt that the Towers Project was not, or should not have been, in Design Development -- because such testimony was the expert opinion of an individual not identified as an expert; and,

(d) that the jury's verdict is against the weight of the evidence.

**LEGAL STANDARDS**

3. In addressing the motion under consideration, the Court is obliged to follow the following legal standards:

(a) **Motion for Judgment Notwithstanding the Verdict** -- When resolving a motion for judgment notwithstanding the verdict, the Court must review the evidence presented in the light most favorable to the party who prevailed before the jury. This requires the Court:

(1) to assume as true all facts supporting the nonmovant which the evidence tended to prove;

(2) to give the nonmovant the benefit of all reasonable inferences;

(3) to resolve direct factual conflicts in favor of the nonmovant; and

(4) to deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn. Larson v. Miller, 76 F.3d 1446 (8th Cir. 1996).

"[J]udgment as a matter of law is proper when the record contains no proof beyond speculation to support the verdict." Id. at 1452. *See also* Zutz v. Case Corp., 422 F.3d 764, 769 (8th Cir. 2005). The Court does not weigh the evidence or judge the credibility of witnesses in evaluating a motion for judgment as a

matter of law, but simply determines whether there is sufficient evidence to support the jury's verdict. Douglas County Bank v. United Financial Inc., 207 F.3d 473 (8th Cir. 2000).

(b) **Motion for New Trial** -- Alternatively to its motion for judgment notwithstanding the verdict, Daly seeks a new trial. A new trial may be granted in a jury case where the verdict is so at odds with the evidence that the Court finds a miscarriage of justice has occurred. Douglas County Bank & Trust Co. v. United Financial Inc., 207 F.3d 473 (8th Cir. 2000); McGee v. South Pemiscot School District R-V, 742 F.2d 339 (8th Cir. 1983). The Court can weigh the evidence, disbelieve witnesses, and grant a new trial even where the quantum of evidence to sustain the verdict would not allow judgment to be granted to the nonprevailing party as a matter of law. The Court may not, however, set aside a jury verdict merely because the jury could have drawn different inferences or conclusions, or because the Court feels a different result is more reasonable. Harris v. Secretary, United States Department of the Army, 119 F.3d 1313 (8th Cir. 1997).

(c) **Remittitur** -- Finally, Daly seeks an order granting remittitur – effectively reducing the judgment in favor or HSG to $25,001.00, which reflects the amount the jury found Daly to have owed HSG on the Towers Project. Remittitur "to the maximum amount proved" is an appropriate remedy "[i]n cases where a jury awards

actual damages in excess of the amount proved . . . ." American Road Equipment Co. v. Extrusions, Inc., 29 F.3d 341 (8th Cir. 1994)(citing Knickerbocker v. First Nat'l Bank, 827 F.2d 281, 289 n.6 (8th Cir. 1987)).

The Court will review each of Daly's points in support of its motion in the order listed above.

4.   Daly first asserts that -- under Arkansas's Voluntary Payment Rule -- because HSG made a payment of $100,000 to Daly after the latter had demanded such payments, HSG is not entitled to recover any money from Daly.

In response, HSG argues:

   *  that Daly did not plead the Voluntary Payment Rule in its Answer to HSG's Counterclaim for overpayment;

   *  that Daly did not submit a proposed jury instruction regarding the Voluntary Payment Rule; and,

   *   that Daly raised its argument concerning the Voluntary Payment Rule for the *first* time in its motion;

Daly replies that its argument concerning the Voluntary Payment Rule should be considered as it presents "a vital question of law to the Court's attention while the Court retains jurisdiction over the Judgment." (Daly's Reply, p. 2)

Arkansas's common law Voluntary Payment Rule provides "[w]hen one pays money on demand that is not legally enforceable, the payment is deemed voluntary. Absent fraud, duress, mistake of

5

fact, coercion, or extortion, voluntary payments cannot be recovered." <u>TB of Blytheville, Inc. v. Little Rock Sign & Emblem, Inc.</u>, 946 S.W.2d 930, 932 (Ark. 1997)(quoting <u>Boswell v. Gillett</u>, 295 S.W.2d 758 (Ark. 1956)).

The Court agrees that Daly's legal argument (which, technically, is an affirmative defense) cannot properly be raised for the first time in this post-judgment motion as a basis for relief. *See* Federal Rule of Civil Procedure 8(c). *See also* <u>Johnson v. Rogers</u>, 621 F.2d 300 (8th Cir. 1980). That said, however, the Court also believes there is testimony in the trial record which would support the notion that the jury believed HSG made such payment as a commitment to move forward on the projects -- rather than as a payment on a debt, or as a result of a mistake of fact. Thus, even if the argument could be properly raised and addressed at this point, the Court believes it to have no merit.

5. Daly next asserts that the Court erred in admitting certain testimony of Bob Elmore to the effect that Greg Mueller's demeanor was that of an architect and that Greg Mueller's behavior had legal consequences because such testimony:

* was not an admission of Daly because Mr. Elmore was not an employee of Daly when he made the statements;

* contained expert opinions of an individual not identified as an expert witness;

* contained legal conclusions; and

* was confusing, irrelevant, and more prejudicial than probative of any fact in issue.

In response, HSG argues that Elmore's testimony was properly admitted; that it was not presented as an admission of Daly; and that it was properly admitted as a lay opinion under Federal Rule of Evidence 701.

The record shows that Daly objected to certain testimony of Bob Elmore presented at trial through deposition -- specifically, to that contained in lines 15-25 of page 34, pages 35-36, lines 23-25 of page 41, and page 42 of the deposition. That testimony related to Elmore's view that Greg Mueller portrayed himself as an architect and his concerns in that regard.

It is undisputed that Elmore was not presented as an expert witness. Rule 701 of the Federal Rules of Evidence governs the admission of opinion testimony by lay witnesses and provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The Court, having reviewed Elmore's deposition testimony before it was offered at trial, believed it met the requirements of Rule 701 and, therefore admitted it. The Court is still of that view. Elmore's opinions concerning Mueller's demeanor were rationally based on his perceptions; were helpful to a clear

understanding of his testimony; and were not based on scientific, technical, or other specialized knowledge. Accordingly, the Court finds no merit in this assignment of error.

6. Daly also argues that the Court erred in admitting certain testimony of Duane Prewitt that the Towers Project was not, or should not have been, in Design Development -- because such testimony was the expert opinion of an individual not identified as an expert. In response, HSG argues:

\* that Prewitt's testimony was properly admitted as lay opinion testimony under Rule 701; and,

\* that Daly did not object to Prewitt's testimony during trial.

Although Daly insists in its reply that it *did* object to the admission of Prewitt's testimony during the trial, the Court does not recollect such an objection being made nor do its trial notes so indicate. Post-trial relief "should not be granted on the basis of the erroneous admission of evidence unless a timely objection is made at trial or the evidentiary ruling was plain error." Athey v. Farmers Ins. Exchange, 234 F.3d 357, 362 (8th Cir. 2000). *See also* Qualley v. Clo-Tex Intern., Inc., 212 F.3d 1123 (8th Cir. 2000). In light of its belief that no objection was made to it at trial, the Court concludes that Daly should not now be permitted to raise an objection to Prewitt's testimony.

*See* Athey v. Farmers Ins. Exchange, 234 F.3d 357, 362 (8th Cir. 2000).[1]

7. Finally, Daly argues that the jury's verdict is against the weight of the evidence, contending that "[t]he great weight of the evidence shows that [HSG] . . . agreed that [Daly] should be paid for its work on the Promenade Lifestyle Retail Center . . . and admitted, directly and through its actions, that it owed [Daly] the fees incurred in taking the Towers Project through the Design Development phase." (Daly Brief, p. 7)

HSG responds by asserting that testimony at trial established that it was overbilled for work under the contracts and that "[m]uch of the work Daly performed . . . was not directed or authorized by HSG." (HSG Response, p. 7). HSG also argues that the testimony showed "that payments made by HSG to Daly were not an acknowledgment of past debt but, rather, were an offer to go forward with the project." Id.

Although the Court believes that Daly presented significant evidence to support its position at trial, it also believes that -- in the course of the four (4) day trial -- there was also sufficient evidence presented to the jury to support its ultimate verdict in favor of HSG. That evidence, in the Court's view, precludes the award of either a judgment notwithstanding the verdict or a new trial in Daly's favor. *See* Zutz v. Case Corp.,

---

[1] The Court also notes that Prewitt's testimony concerning the design development phase of the Towers project was properly admissible lay opinion testimony.

9

422 F.3d 764, 769 (8th Cir. 2005); <u>Harris v. Secretary, United States Department of the Army</u>, 119 F.3d 1313 (8th Cir. 1997).

8. The Court further finds that sufficient evidence supports the damages awarded HSG on both the Towers Project and the Lifestyle Retail Center Project and rejects the contention that a remittitur is appropriate. The Court will not, therefore, reduce HSG's award of damages through remittitur. <u>American Road Equipment Co. v. Extrusions, Inc.</u>, 29 F.3d 341 (8th Cir. 1994).

**IT IS, THEREFORE, ORDERED** that **Plaintiff Leo A. Daly Company's Motion For Judgment Notwithstanding The Verdict, Alternative Motion For New Trial, and Alternative Motion For Remittitur (Document #45),** should be, and it hereby is, **denied.**

**IT IS SO ORDERED.**

<u>/s/ Jimm Larry Hendren</u>
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE